**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| M.F, an Individual,<br>Plaintiff,<br>v.<br>G6 HOSPITALITY PROPERTY LLC.,<br>Defendant. | Case No:<br>**COMPLAINT FOR DAMAGES**<br>**JURY DEMAND** |

## INTRODUCTION

1. This action for damages is brought by M.F. ("Plaintiff"), a survivor of sex trafficking, under the Federal William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 ("TVPRA"), 18 U.S.C. § 1595.

2. G6 HOSPITALITY PROPERTY LLC ("Defendant") was a hotel owner and operator of the subject premises and subject hotel, doing business as Motel 6 during the relevant time period and as such, responsible for the subject hotel during the time period Plaintiff was sex trafficked on said premises in 2017 through and inclusive of September 2021.

3. Defendant became owner of the subject property in 2012.

4. Defendant sold the subject property on or about September 2021.

5. During the relevant time period, Defendant was owner of the subject premises located at 1751 Fowler Street, Richland, WA 99352.

6. During the relevant time period, Defendant was operator of the subject premises

located at 1751 Fowler Street, Richland, WA 99352.

7. A "severe [form] of trafficking in persons" as related to "sex trafficking" is defined under 22 U.S.C. § 7102 (11) and (12) as "the recruitment, harboring, transportation, provision, obtaining, patronizing, or soliciting of a person for the purpose of a commercial sex act … in which the commercial sex act is induced by force, fraud, or coercion, or in which the person induced to perform such an act has not attained 18 years of age."

8. Plaintiff meets the definition of a sex trafficking victim as she was induced by force, fraud, and coercion by her trafficker to engage in commercial sex at Defendant's subject hotel in in 2017 through and inclusive of September 2021 during the time Defendant owned and operated the subject hotel.

9. As a hotel owner and hotel operator, Defendant controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject property where Plaintiff was sex trafficked.

10. The passage of the TVPA in 2000 and the passage of the TVPRA in 2008, as well as numerous other legislative initiatives, put the Defendant on notice of the high likelihood of these illegal acts occurring on the subject hotel premises which, at a minimum, warranted them to be all the more vigilant and proactive in preventing this conduct.

11. Years before Plaintiff was trafficked, Defendant knew or should have known of the critical role that the hotel industry plays in enabling the sex trade industry and of the widespread national epidemic of hotel/motel sex trafficking. By 2012, training guides and videos were available through the American Hotel Lodging Association (AHLA) and ECPAT-USA and via other resources.

12. Section 1595 of the TVPRA provides individuals who are victims of sex trafficking with a civil remedy against the trafficker or the beneficiaries of the sex trafficking crime. See 18 U.S.C. § 1595(a). More specifically, § 1595 provides for three distinct causes of action: (1) a claim against the trafficker who directly violated § 1591(a)(1) – a criminal statute; (2) a beneficiary claim against the trafficker who directly violated § 1591(a)(2) – a criminal statute; and (3) a beneficiary claim against a civil defendant who did not violate § 1591, but who "knowingly benefit[ed], financially or by receiving anything of value from participation in a venture which that person knew or should have known has engaged in an act in violation of this chapter." 18 U.S.C. § 1595(a); the subject lawsuit is applicable to prong three, i.e. a beneficiary claim against a civil defendant.

## PARTIES

13. Due to the sensitive, private, and potentially retaliatory nature of the allegations herein, Plaintiff's name and address is not contained in this Complaint to protect the safety, privacy and identity of this subject sex trafficked victim. Nationwide similarly situated Plaintiffs have proceeded by pseudonym or by their initials due to the foregoing.

14. Plaintiff is currently a resident of the State of Washington.

15. Plaintiff was born in 1997.

16. At all times relevant and material, Defendant G6 HOSPITALITY PROPERTY LLC owned and operated a hotel doing business as Motel 6, located at 1751 Fowler Street, Richland, WA 99352, and was authorized to do, licensed to do, and was doing business in the State of Washington offering the subject hotel as a place of public lodging.

17. At all material times to this complaint, Defendant G6 HOSPITALITY

PROPERTY LLC was, by and through their agents, servants, staff and/or employees, the owner, operators, managers, supervisors, controllers and innkeepers of the hotel, doing business as Motel 6 located at 1751 Fowler Street, Richland, WA 99352.

18. The principal place of business of Defendant is 4001 International Pkwy, Carrollton, TX 75007.

**JURISDICTION AND VENUE**

19. This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this action arises under the Constitution, laws, or treaties of the United States, namely 18 U.S.C. § 1595.

20. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the Count asserted in this action occurred in the judicial district where this action was brought, and/or Defendant conducts business within this District pursuant to 28 U.S.C. § 1391(b).

21. The principal place of business of Defendant G6 HOSPITALITY PROPERTY LLC is located at 4001 International Pkwy, Carrollton, TX 75007 within the Eastern District of Texas. Therefore, venue is proper pursuant in this Court pursuant to 28 U.S.C. § 1391.

22. As the hotel owner and hotel operator during the relevant time period, Defendant G6 HOSPITALITY PROPERTY LLC, (headquartered at 4001 International Pkwy, Carrollton, TX 75007, within the Eastern District of Texas), controlled the training, policies, and decisions on implementation and execution of anti-trafficking policies, protocol, rules and guidelines for its subject property where Plaintiff was sex trafficked.

## CAUSE OF ACTION

**A. VIOLATION OF 18 U.S.C. § 1595 ("TVPRA")**

23. Plaintiff sets forth an action for violation of 18 U.S.C § 1595 against the above-captioned Defendant.

24. At all relevant times, Defendant G6 HOSPITALITY PROPERTY LLC was involved in the staffing and operation of the subject hotel where Plaintiff was trafficked for sex in 2017 through and inclusive of September 2021.

25. Plaintiff was trafficked by one male individual nicknamed "Lazy".

26. In order to induce Plaintiff by force, fraud and coercion to engage in sex with sex buyers at Defendant's subject hotel premises, her trafficker used various means to do so including: (a) Plaintiff was beaten by her trafficker and at times had visible bruising from same; (b) trafficker use of drugs to manipulate Plaintiff including heroin and methamphetamines; (c) Plaintiff's trafficker instilled in Plaintiff the fear of severe bodily injury and fear of death if trafficker's directives were not complied with; (d) psychological coercion; and (e) other means of force, fraud and coercion used by the trafficker of Plaintiff to induce her to have sex with sex buyers at the subject hotel.

27. Defendant knowingly benefited from the sex trafficking of Plaintiff at the subject hotel by receiving payment for the rooms rented by her trafficker (or at the direction of her trafficker) that were used for the sex trafficking of Plaintiff on said premises, in violation of the TVPRA in 2017 through and inclusive of September 2021.

28. Defendant rented rooms to individuals it knew or should have known were engaged in sex trafficking, and of Plaintiff in particular, on the subject premises, in violation of

the TVPRA in 2017 through and inclusive of September 2021.

29. The rooms rented for use for sex trafficking at the subject premises were rented by the Plaintiff's trafficker or at the direction of the trafficker.

30. Discovery will inform whether the trafficker, (or individuals at the trafficker's direction), booked rooms at the subject hotel that were used for the sex trafficking of the Plaintiff in violation of the TVPRA:

a. under the registrant's proper legal name or a false name;

b. whether cash, prepaid card or credit card was used at the time of respective booking or renewal; and

c. whether staff of Defendant required for each booking that the renter show their identification.

31. Plaintiff's trafficker used proceeds derived from the sex trafficking occurring on the subject premises to continue to pay for rooms rented at the subject hotel during the time that Plaintiff was being sex trafficked there in violation of the TVPRA.

32. Operating a hotel and renting out rooms is an enterprise involving risk and potential profit.

33. Defendant operating the subject hotel and repeatedly renting out rooms to Plaintiff's trafficker (or to another individual renting at the trafficker directive) was an enterprise involving risk and potential profit which violated the TVPRA as to the Plaintiff herein.

34. As it pertains to Defendant's subject hotel, Defendant's association with the Plaintiff's sex trafficker was a venture because Plaintiff's trafficker had prior commercial dealings with said Defendant at the subject premises by means of rooms repeatedly rented by the trafficker

(or at the direction of the trafficker) in 2017 and through and inclusive of September 2021, which Defendant knew, or should have known, were being used for the sex trafficking of Plaintiff in violation of the TVPRA, and which the parties wished to continue for profit.

35. Defendant's repeated rental of rooms to Plaintiff's trafficker (or an individual renting at the direction of the trafficker), at the subject hotel premises, was not a standard arm's length transaction, but rather the repeated room rental transactions, which occurred in ) in 2017 and through and inclusive of September 2021, were colored by overt indicators of sex trafficking such Defendant knew, or should have known, that Defendant was renting rooms to individuals engaged in sex trafficking, and of Plaintiff in particular, in violation of the TVPRA.

36. A continuous business relationship existed between Defendant, its agents, employees and staff, and Plaintiff's trafficker' sex trafficking businesses at the subject location, in part, in that Defendant provided assistance, support, or facilitation to the Plaintiff's trafficker by repeatedly renting rooms to individuals at the subject location which Defendant knew or should have known were involved in sex trafficking on the premises in violation of the TVPRA, including as to the Plaintiff herein; and in doing so facilitated the venture's success.

37. Defendant knowingly benefited from this venture, or enterprise, involving risk and potential profit, which was in violation of the TVPRA as to the Plaintiff herein, by receiving payment for the rooms rented by Plaintiff's trafficker (or at the direction of her trafficker), at the subject hotel location, that were used for sex trafficking, including as to the Plaintiff, in 2017 and through and inclusive of 2021.

38. This Defendant knew or should have known that the undertaking or venture violated the TVPRA as to the Plaintiff.

39. Defendant knew or should have known about the nature of the sex trafficking occurring at the subject hotel, including as it related to Plaintiff, a victim, due to the many red flags then and there existing, including but not limited to:

a. Constant foot traffic of sex buyers to the trafficker's rented rooms to have sex with Plaintiff;

b. Plaintiff was beaten by her trafficker and at times had visible bruising from same;

c. Plaintiff would, at times, walk around hotel grounds drug impaired (e.g. Meth and Fentanyl) sleep deprived, behavior impaired, and with visible bruising;

d. Suspicious individuals, at times, loitering outside the hotel room when a sex buyer would enter a room;

e. Inside the hotel room rented by the trafficker (or at the direction of the trafficker) there were suspicious people and suspicious items including guns, drugs, drug paraphernalia, condoms, which was observed or should have been observed by housekeeping staff;

f. Upon information and belief, Plaintiff's trafficker, at times, paid hush money to housekeeping staff;

g. Plaintiff's trafficker at times, monitoring hotel hallway and door of room where trafficking of Plaintiff was occurring;

h. Intermittent loud noise and yelling emanating from room where sex trafficking of Plaintiff was occurring;

i. Other commonly known sex trafficking red flags which the above captioned Defendant knew or should have known of had anti-trafficking measures been

timely and properly implemented at the hotel.

40. Defendant's staff witnessed and observed on a regular and frequent basis signs and indicators of sex trafficking, including items set forth in paragraph 39 above.

41. When being trafficked at the subject hotel in 2017 through and inclusive of September 2021, Plaintiff interacted with Defendant's staff on a frequent basis, and Defendant's staff witnessed and observed Plaintiff, her trafficker as well as a frequent procession of sex buyers going in and out of the subject rented rooms, contemporaneous with other signs and indicators of trafficking occurring on the subject premises.

42. Plaintiff knows that some of the individuals that witnessed and observed red flags indicative of suspicion for sex trafficking were staff members in that the staff were readily identifiable to Plaintiff either by her knowing of the individual or by means of the staff wardrobe/nametag/hotel logo or by means of a staff member being in an employee restricted area.

43. Defendant's failure, by its agents, servants, staff, and employees, to timely and properly prevent the sex trafficking or timely intervene regarding the same was a proximate and competent cause and substantial factor in causing Plaintiff's severe injuries in this case including, but not limited to, being the victim of sex trafficking when at this subject hotel and suffering personal injury and the physical and mental trauma of being induced to engage in commercial sex with multiple sex buyers per day, while being trafficked, and while simultaneously being under fear of severe harm or death if she did not comply as well as all residual injuries suffered by PTSD.

44. This Defendant, during the relevant time period, could deny accommodation and/or eject a guest for a number of reasons including, but not limited to: (1) guest visibly under

the influence of drugs or alcohol; (2) guest creating a nuisance to the public; (3) guest believed to use a hotel room for unlawful purposes; (4) guest uses hotel amenities and premises for unlawful acts; (5) guest brings in extra unregistered guests; (6) guest behavior unreasonably disturbs other guests; (7) guest violates other rules set by the hotel; and (8) for other indicated reasons.

45. Plaintiff being sex trafficked at this subject hotel was a proximate cause, competent cause and substantial factor in causing her severe and permanent injuries, including but not limited to, personal injuries including the horror of being a victim of sex trafficking as well as significant levels of psychological trauma due to the levels of abuse she was caused to endure during the time she was trafficked. This trauma led to depression, anxiety disorders, and PTSD, which in turn affects her daily functioning.

46. As a direct and proximate result of Defendant's involvement and multiple failures to act, mandate, establish, execute anti-trafficking measures and modify their anti-trafficking efforts at its hotel property, Plaintiff was sex trafficked, sexually exploited, and victimized repeatedly at Defendant's hotel in violation of the TVPRA.

47. As a consequence of being sex trafficked at the subject hotel, Plaintiff suffered and will continue to suffer substantial economic, physical, mental, emotional, psychiatric, and psychological injuries as the result of being trafficked and sexually exploited at the subject hotel in violation of 18 U.S.C. §1591.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as identified in the above-referenced Count and as follows:

a) All available compensatory damages for the described losses with respect to the above cause of action;

b) All available noneconomic damages, including without limitation conscious pain, conscious suffering, and loss of enjoyment of life;

c) Physical pain and suffering

d) Mental anguish and emotional distress damages

e) Consequential and/or special damages;

f) Disgorgement of profits obtained through unjust enrichment;

g) Restitution;

h) All damages allowable under the TVPRA;

i) Punitive damages

j) Reasonable and recoverable attorney's fees;

k) Costs of this action; and

l) Pre-judgement and all other interest recoverable

## DEMAND FOR JURY TRIAL

Plaintiff respectfully requests a trial by jury on all issues so triable.

Dated: March 13, 2026

Respectfully submitted,

/s/ Jason Byrd
THE BYRD LAW FIRM
448 Orleans
Beaumont, Texas 77701
409.924.0660
409.924.0035 fax
jason@txbyrd.com

Randolph Janis, Esq.
DOUGLAS AND LONDON, P.C.

One State Street, 35th Floor
New York, NY 10004
Telephone: (212) 566-7500
Facsimile: (212) 566-7501
rjanis@douglasandlondon.com

***Attorneys for Plaintiff***